IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                         Plaintiff,

          v.

ANDREW C. POLSON,

                         Defendant.

OPINION AND ORDER

01-cr-53-jcs
08-cv-576-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Andrew Polson has filed a postconviction motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence imposed on him on September 27, 2001.  The motion will be denied because it is untimely and defendant has failed to show that he is entitled to equitable tolling.

      Defendant was convicted of transporting and shipping pornography and sentenced to a 151-month term of imprisonment.  He contends that his plea of guilty was coerced by his lawyer, who informed him he would be sentenced to no more than five years if he entered a plea of guilty.  He asserts that he has been prevented from raising this claim any sooner but he does not support this assertion with any facts, saying only that he did not become aware until recently of two opinions that support his claims.  However, a review of the cases,

1

Trenkler v. United States, 536 F.3d 85 (1st Cir. 2008), and Little v. United States, 2002 WL 1424581 (D. Mass.), reveals nothing relating to an allegedly coerced plea. Even if the cases were on point, defendant did not need to wait for these two decisions to learn that a coerced plea of guilty can be a basis for a successful § 2255 motion. It has been settled in this country since the adoption of the Bill of Rights that a conviction based upon an illegally coerced plea of guilty is invalid. U.S. Const. Am. V ("No person . . . shall be compelled in any criminal case to be a witness against himself"); see also Fed. R. Crim. P. 11(2) ("Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement").)

In apparent support of a request for application of the equitable tolling doctrine to allow him to file his petition late, defendant alludes to an investigation of the institution in which he is housed that occurred in 2008. However, he does not explain what it is about the investigation or the need for an investigation that kept him from filing a timely § 2255 petition. His appeal was decided in March 2002. Giving him the benefit of six months for issuance of the court's mandate and 60 days for filing a petition for certiorari with the Supreme Court of the United States, defendant would have had until approximately October 1, 2003 in which to file a § 2255 motion.

Equitable tolling is granted sparingly and only when "[e]xtraordinary circumstances

2

far beyond the litigant's control . . . prevented timely filing." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (citations omitted). In fact, the Court of Appeals for the Seventh Circuit has "yet to identify a circumstance that justifies equitable tolling in the collateral relief context." Modrowski v. Mote, 322 F.3d 965, 967 (7th Cir. 2003) (citing Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (lack of access to trial transcript does not warrant equitable tolling)); Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001) (equitable tolling not justified by lack of response from attorney, language barrier, lack of legal knowledge and transfer between prisons), overrruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001); Marcello, 212 F.3d at 1010 (equitable tolling not warranted by unclear law and death of attorney's father). Defendant has not shown that this is one of those extraordinary circumstances.

ORDER

IT IS ORDERED that defendant Andrew C. Polson's motion for postconviction relief under 28 U.S.C. § 2255 is DENIED as untimely.

Entered this 18th day of November, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge